

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1673
Re: (a) When an application is made to the Comptroller of Public Accounts to transfer to an assignee or purchaser a chain store tax license, should such application be accompanied by a filing fee of 50¢ provided by Sec. 2, Article 1111d, Penal Code of Texas? (b) Where one such transfer or assignment of the chain store license has been made, may a second transfer or assignment of such license, during the life of said license, be authorized; or should such second purchaser or assignee be required to make application for a new chain store tax license for the remainder of the year?

By your letter of November 10, 1939, you request of this department an opinion upon the two following questions, which we quote from your letter:

"When an application is made to this department to transfer a chain store tax license to an assignee or purchaser, should such application be accompanied by the 50¢ filing fee provided for in Section 2 of the Chain Store Tax Act, which is Article 1111d of the Penal Code?

"Where a store has been transferred more than one time during the life of the license, should the Comptroller authorize a transfer of the license to the second purchaser, or is the second purchaser required to make application for a new license for the remainder of the year? In this connection I refer you to Articles 7055 and 7056, R.C.S."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Section 2 of Article 1111d, Penal Code of Texas, commonly known and cited as the "Chain Store Tax Law," provides generally that any person, firm or corporation desiring to operate, maintain, open or establish a store or mercantile establishment in this State shall make application for a license so to do in the form and manner provided, and further requires that "each application shall be accompanied by a filing fee of fifty cents (50¢) for each store or mercantile establishment operated or to be operated for the purpose of defraying the costs of administration of this Act."

Section 3 of the above cited Act provides that if, upon examination, "an application is found to be satisfactory, and if the filing and license fees as herein prescribed, shall have been paid, the Comptroller of Public Accounts shall issue to the applicant a license for each store or mercantile establishment for which an application for a license shall have been made." (Emphasis ours).

Section 4 of the Act provides that all licenses shall be issued for a period of the calendar year so as to expire on the 31st day of December of each year, and on or before this date a renewal license for the succeeding year shall be issued by the Comptroller of Public Accounts, upon application therefor, accompanied by the filing fee of fifty cents for each store.

Section 5 of the Chain Store Act provides for the payment, in addition to the above described filing fee required by Sections 2 and 4 of the Act, of a license fee, graduated according to the number of stores owned and operated by the licensee.

In discussing the nature of this so-called license fee, the Supreme Court of Texas, in the case of Hurt et al vs. Cooper et al, reported at 110 S.W. (2d) 896, spoke as follows:

"Applying this principle to the act in question, we experience no difficulty in reaching the conclusion that the so-called license fees levied thereby are primarily occupation taxes. The act makes two separate levies. One is a levy of a filing fee of 50 cents for each store, and as to this levy it is provided that its purpose is to defray the cost of the administration of the act, and that the expenses incurred in its administration shall not

Hon. George H. Sheppard, Page 3.

exceed the amount realized therefrom. The other
is a levy of a license fee for each store from which
much revenue will be realized. The act apportions
the revenue between the available school fund and
the general fund, and the only fact stated for the
existence of an emergency is that the state is bad-
ly in need of additional revenue. The tentative
opinion of the Court of Civil Appeals accompanying
this certificate correctly answers this question
in the following language: 'We think the primary
purpose of the Act was to raise revenues, although
the levy is mentioned as a "license fee." The emer-
gency clause reciting the need of additional revenue;
the amounts levied being far in excess of regulatory
needs, and the distribution made after collection,
indicate clearly that the Act was intended, primarily
at least, as a revenue measure. We do not think
it a matter of significance that the levy is called
a "license fee," as its payment gives the right to
carry on the business without the performance of
any other condition.'"

This decision has a direct bearing upon the deter-
mination of the instant question because, in holding the
chain store license fee levied by Section 5, Article 1111b,
Penal Code of Texas, to be an occupation tax, the chain
store tax license issued by the Comptroller of Public Ac-
counts, upon payment of such license fee or occupation tax,
would be governed squarely by the terms and provisions of
Article 7055 and 7056, Vernon's Annotated Civil Statutes,
insofar as such statutes are applicable to the attempted
transfers or assignments of the license involved here.
Such statutes provide as follows:

"Art. 7055. Any person, firm, corporation,
or association of persons, who shall be the legal
owners or holders of any unexpired occupation
license issued in accordance with the laws of this
State, may transfer the same on the books of the
officer by whom the same was issued."

"Art. 7056. The assignee or purchaser of such
unexpired occupation license shall be authorized
to pursue such occupation under such unexpired licen-
se for and during the unexpired term thereof, pro-
vided that such assignee or purchaser shall, before
following such occupation, comply in all other re-
spects with the requirements of the law provided

for in the original applications for such licenses.
Nothing in this law shall be so construed as to
authorize two or more persons, firms, corporations
or associations of persons to follow the same occu-
pation under one license at the same time. When-
ever any person, firm, corporation or association
of persons following an occupation shall be closed
out by legal process, the occupation license shall
be deemed an asset of said person, firm, corporation
or association of persons, and sold as other pro-
perty belonging to said person, firm, corporation,
or association; and the purchaser thereof shall have
the right to pursue the occupation named in said
license, or transfer it to any other person; provid-
ed, such occupation license shall under no circum-
stances be transferred more than one time." (Under-
scoring ours.)

The underlined portion of Article 7056, Vernon's
Annotated Civil Statutes, next above quoted, furnishes a speci-
fic answer to your second question. By the letter of the sta-
tute an unexpired occupation tax license such as the one in-
volved here is transferable or assignable only one time during
the calendar year for which such license is effective, and
consequently you would not be authorized to recognize the
validity of such second transfer or assignment. Such second
transferee or assignee would be required to procure a new
license for the balance of the calendar year upon formal
application accompanied by the filing fee of fifty cents, in
accordance with Section 2 of the Chain Store Tax Act.

Recurring now to your first question, it is our
opinion that the filing fee of fifty cents would not be re-
quired to accompany an application or request for a certifi-
cate recognizing the first transfer or assignment of the
chain store tax license. This so-called application is not
the application contemplated or required by Section 2 of
Article 1111d, Penal Code of Texas, for the issuance of a
new license or licenses originally issued to the person, firm
or corporation desiring to operate, maintain, open or estab-
lish stores or mercantile establishments in Texas, and we
are not authorized to enlarge the scope of Section 2 of this
Act so as to make it comprehend a request or application
growing out of an assignment or transfer of a chain store
tax license, in connection with which the filing fee of fifty
cents has already been paid. Under the holding of the Supreme
Court in the case of Hurt et al vs. Cooper et al, supra, this

filing fee of fifty cents was held to be a regulatory fee for the purpose of defraying expenses incident to applications for chain store tax licenses, rather than a fee under the powers of taxation. The chain store tax license, for which such filing fee was originally paid, is, under the facts given in connection with your first question, outstanding, and will remain so until the end of the calendar year. Consequently, any expense incident to the transfer or assignment of such chain store tax license is not taken care of by the filing fee of fifty cents originally paid, nor is any additional fee required for such purposes by any language which can be pointed to in the Chain Store Tax Act.

Trusting this fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     Pat M. Neff, Jr.
                Assistant

PMN:pbp

APPROVED DEC 5, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN